UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-124(JRT/BRT)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KIMBERLY SUE PETERSON-JANOVEC,

    Defendant.

**SUPERSEDING INDICTMENT**

18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 1341
18 U.S.C. § 1343
26 U.S.C. § 7206(1)
26 U.S.C. § 7203
28 U.S.C. § 2461(c)

The UNITED STATES GRAND JURY charges that:

## INTRODUCTION

At times relevant to this Superseding Indictment:

1. From at least in or about April 2014 through in or about February 2020, the defendant, KIMBERLY SUE PETERSON-JANOVEC, used her position as the Director of Operations at MI5, Inc., to defraud MI5, Inc., and Denny's Inc. out of more than $350,000 through false and fraudulent pretenses, representations, promises, and concealment of material facts. To further the execution of her fraud scheme, PETERSON-JANOVEC used means of identification of other people without their knowledge or consent. PETERSON-JANOVEC also knowingly and willfully failed to report this income, as required, to the Internal Revenue Service.

### *The Defendant and Related Entities*

2. Defendant KIMBERLY SUE PETERSON-JANOVEC was a resident of the State and District of Minnesota.

SCANNED
OCT 07 2021
U.S. DISTRICT COURT ST. PAUL

3. Denny's Inc. was a table service diner-style restaurant chain headquartered in Spartanburg, South Carolina. Denny's Inc. operated over 1,700 worldwide restaurants, including locations throughout the United States and Minnesota. Many Denny's restaurants were owned and operated by franchisees.

4. MI5, Inc., was a Denny's franchisee that owned and operated eight Denny's franchises in Minnesota and Wisconsin. Its corporate owners resided in California.

5. PETERSON-JANOVEC became the Director of Operations for MI5, Inc., in or about 2014. As the Director of Operations, PETERSON-JANOVEC had managerial oversight for all of MI5, Inc.'s Denny's franchises in Minnesota and Wisconsin. This oversight included controlling—with little supervision—the payroll, cash deposits, marketing, advertising, vendor relationships, and vendor billing.

6. Company 1 was a business founded by PETERSON-JANOVEC's daughter. Company 1 specialized in exterior painting. Company 1 never provided marketing or advertising services and never submitted any invoices to Denny's Inc. or MI5, Inc.

7. Company 2 specialized in completing repair projects, primarily for restaurants. Company 2 last completed work for a Denny's restaurant in Minnesota on or about July 2012. PETERSON-JANOVEC never worked for Company 2 and Company 2 never authorized PETERSON-JANOVEC to open or control any bank account in its name.

## THE SCHEME TO DEFRAUD

8. From at least in or about April 2014 through at least in or about February 2020, in the State and District of Minnesota, and elsewhere, the defendant,

**KIMBERLY SUE PETERSON-JANOVEC,**

did knowingly and intentionally devise and execute a scheme and artifice to defraud and to obtain money from Denny's Inc. and MI5, Inc., by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts.

9. It was part of the scheme to defraud that from at least in or about April 2014 through at least in or about July 2019, PETERSON-JANOVEC used her position as the Director of Operations for MI5, Inc., to embezzle funds from Denny's Inc. and MI5, Inc. PETERSON-JANOVEC did so by generating and submitting knowingly false requests for vendor payments and then diverting those payments for her own use and benefit. PETERSON-JANOVEC also manipulated payroll submissions to direct MI5, Inc.'s payroll processing service to issue PETERSON-JANOVEC unauthorized compensation.

10. More specifically, in furtherance of the scheme, PETERSON-JANOVEC generated numerous bogus requests for vendor payments—purportedly from Company 1 and Company 2—for work that had never been completed. PETERSON-JANOVEC bolstered the legitimacy of these requests by falsifying records, creating e-mail accounts, and generating e-mail traffic in which she impersonated vendor employees. PETERSON-JANOVEC facilitated the vendor payments using both mail and e-mail. She directed the vendor payments to be mailed to addresses where she easily could collect the payments. PETERSON-JANOVEC also directed electronic payments into bank accounts that she opened, co-opted, and controlled under knowingly false pretenses. She then deposited or transferred the false vendor payments into her personal bank accounts. In total, PETERSON-JANOVEC received approximately

$336,000 in bogus vendor payments and unjustly enriched herself by obtaining this money under knowingly false and fraudulent pretenses.

11. PETERSON-JANOVEC also manipulated MI5's payroll processing service to issue unauthorized payroll to recently-separated employees that she then redirected into her own bank accounts. More specifically, instead of cancelling payment to recently-separated employees—such as victims C.L. and D.F.—PETERSON-JANOVEC ensured additional fraudulent payroll would be issued and changed the direct-deposit details to match her own bank account information and for her own benefit. In this way, PETERSON-JANOVEC used the means of identification of victims C.L. and D.F., without their knowledge and consent, during and in relation to the commission of wire fraud. In total, PETERSON-JANOVEC knowingly received approximately $16,000 in such fraudulently issued payroll submissions.

12. In total, as a result and in furtherance of her scheme to defraud, PETERSON-JANOVEC received approximately $350,000 in fraud proceeds, which she distributed and misappropriated, or attempted to distribute and misappropriate, for her own personal benefit. For example, PETERSON-JANOVEC used the fraud proceeds to finance her lifestyle, including purchasing jewelry, concert tickets, and apparel. More specifically, PETERSON-JANOVEC used $40,500 in fraud proceeds to help finance the down-payment for her personal residence. Moreover, for each year of her fraud scheme, PETERSON-JANOVEC failed to report or pay taxes on the money she stole. This resulted in a tax loss to the government of over $100,000.

# COUNTS 1-10
(Wire Fraud)

13. Paragraphs 1 through 12 are incorporated by reference as if fully set forth herein.

14. On or about the dates set forth below, in the State and District of Minnesota and elsewhere, the defendant,

**KIMBERLY SUE PETERSON-JANOVEC,**

for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, knowingly and unlawfully transmitted and caused to be transmitted by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, and sounds, as described below:

| Count | Date of Wire (on or about) | Wire |
|---|---|---|
| 1 | January 27, 2017 | E-mail from PETERSON-JANOVEC to Denny's Inc. attaching $10,615.85 Company 1 invoice. |
| 2 | February 9, 2017 | E-mail from PETERSON-JANOVEC to Denny's Inc. attaching $9,744.63 Company 1 invoice. |
| 3 | October 29, 2018 | E-mail from PETERSON-JANOVEC to MI5, Inc. ownership requesting $23,101 payment to Company 2. |
| 4 | February 26, 2019 | E-mail from PETERSON-JANOVEC to MI5, Inc. ownership requesting $6,172.86 payment to Company 2. |
| 5 | April 15, 2019 | E-mail from PETERSON-JANOVEC to MI5, Inc. ownership inquiring about a past-due payment to Company 2. |
| 6 | April 19, 2019 | E-mail from PETERSON-JANOVEC to MI5, Inc. ownership requesting $27,399 payment to Company 2. |
| 7 | July 29, 2019 | E-mail from PETERSON-JANOVEC to MI5, Inc. ownership forwarding purported inquiry from Company 1 regarding payment. |

| | | |
|---|---|---|
| 8 | October 5, 2018 | Unauthorized $2,509.23 payroll deposit from victim D.F. into PETERSON-JANOVEC's bank account |
| 9 | November 16, 2018 | Unauthorized $2,509.23 payroll deposit from victim C.L. into PETERSON-JANOVEC's bank account |
| 10 | December 14, 2018 | Unauthorized $3,509.23 payroll deposit from victim C.L. into PETERSON-JANOVEC's bank account |

All in violation of Title 18, United States Code, Section 1343.

## COUNT 11-12
(Mail Fraud)

15. Paragraphs 1 through 12 are incorporated by reference as if fully set forth herein.

16. On or about the dates set forth below, in the State and District of Minnesota and elsewhere, the defendant,

**KIMBERLY SUE PETERSON-JANOVEC,**

for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, knowingly and unlawfully caused to be sent, delivered, and moved by the United States Postal Service and interstate commercial carrier, various mailings, items, and things, as described below:

| Count | Date of Mailing (on or about) | Mailing |
|---|---|---|
| 11 | February 28, 2017 | $20,360.48 check to pay purported Company 1 invoices sent by Denny's Inc. |
| 12 | September 15, 2017 | $10,640 check to pay purported Company 1 invoice sent by Denny's Inc. |

All in violation of Title 18, United States Code, Section 1341.

6

## COUNTS 13-15
(Aggravated Identity Theft)

17. Paragraphs 1 through 16 are incorporated by reference as if fully set forth herein.

18. On or about the dates set forth below, in the State and District of Minnesota, the defendant,

**KIMBERLY SUE PETERSON-JANOVEC,**

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, during and in relation to the commission of wire fraud, which is a felony violation enumerated in Title 18, United States Code, Section 1028(A)(c)(5), knowing that means of identification belong to another person, as described below:

| Count | Date of Wire (on or about) | Means of Identification |
|---|---|---|
| 13 | October 5, 2018 | Unauthorized $2,509.23 payroll deposit of victim D.F. redirected to PETERSON-JANOVEC's bank account (in furtherance of wire fraud; Count 8) |
| 14 | November 16, 2018 | Unauthorized $2,509.23 payroll deposit of victim C.L. redirected to PETERSON-JANOVEC's bank account (in furtherance of wire fraud; Count 9) |
| 15 | December 14, 2018 | Unauthorized $3,509.23 payroll deposit of victim C.L. redirected to PETERSON-JANOVEC's bank account (in furtherance of wire fraud; Count 10) |

All in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT 16
(Making and Subscribing a False Return – 2015)

19. Paragraphs 1 through 12 are incorporated by reference as if fully set forth herein.

7

20. On or about April 18, 2016, in the State and District of Minnesota, the defendant,

**KIMBERLY SUE PETERSON-JANOVEC,**

a resident of Minnesota, did willfully make and subscribe a United States Individual Income Tax Return, Form 1040, for calendar year 2015, which was verified by a written declaration that it was made under penalty of perjury and was filed with the Internal Revenue Service, and which she did not believe to be true and correct as to every material matter, in that on Line 37 she reported her adjusted gross income as $76,266, whereas, as the defendant then and there well knew and believed, her adjusted gross income for the 2015 calendar year was at least approximately $103,150.

All in violation of Title 26, United States Code, Section 7206(1).

## COUNT 17
(Making and Subscribing a False Return – 2016)

21. Paragraphs 1 through 12 are incorporated by reference as if fully set forth herein.

22. On or about April 18, 2017, in the State and District of Minnesota, the defendant,

**KIMBERLY SUE PETERSON-JANOVEC,**

a resident of Minnesota, did willfully make and subscribe a United States Individual Income Tax Return, Form 1040, for calendar year 2016, which was verified by a written declaration that it was made under penalty of perjury and was filed with the Internal Revenue Service, and which she did not believe to be true and correct as to every material matter, in that on Line 37 she reported her adjusted gross income as $74,077

whereas, as the defendant then and there well knew and believed, her adjusted gross income for the 2016 calendar year was at least approximately $107,848.

All in violation of Title 26, United States Code, Section 7206(1).

## COUNT 18
(Making and Subscribing a False Return – 2017)

23. Paragraphs 1 through 12 are incorporated by reference as if fully set forth herein.

24. On or about April 17, 2018, in the State and District of Minnesota, the defendant,

**KIMBERLY SUE PETERSON-JANOVEC,**

a resident of Minnesota, did willfully make and subscribe a United States Individual Income Tax Return, Form 1040, for calendar year 2017, which was verified by a written declaration that it was made under penalty of perjury and was filed with the Internal Revenue Service, and which she did not believe to be true and correct as to every material matter, in that on Line 37 she reported her adjusted gross income as $78,843, whereas, as the defendant then and there well knew and believed, her adjusted gross income for the 2017 calendar year was at least approximately $179,850.

All in violation of Title 26, United States Code, Section 7206(1).

## COUNT 19
(Failure to File an Individual Return – 2018)

25. Paragraphs 1 through 12 are incorporated by reference as if fully set forth herein.

26. At all times relevant to this Indictment, defendant **KIMBERLY SUE PETERSON-JANOVEC** was an individual not expressly exempt from tax with her

principal residence in the State of Minnesota. During the calendar year 2018, PETERSON-JANOVEC had and received reportable income of at least approximately $177,401. By reason of such income, she was required by law, following the close of calendar year 2018 and on or before April 15, 2019, to make a United States Individual Income Tax Return to the Internal Revenue Service, or to other proper officers of the United States, stating specifically the items of PETERSON-JANOVEC's gross income and any deductions and credits to which she was entitled by law.

27. On or about April 15, 2019, in the State and District of Minnesota, the defendant,

**KIMBERLY SUE PETERSON-JANOVEC,**

well knowing and believing the facts set forth in the preceding paragraph, did willfully fail to make and file an income tax return with the Internal Revenue Service, or with any other proper office of the United States, for calendar year 2018.

All in violation of Title 26, United States Code, Section 7203.

### COUNT 20
(Failure to File an Individual Return – 2019)

28. Paragraphs 1 through 12 are incorporated by reference as if fully set forth herein.

29. At all times relevant to this Indictment, defendant **KIMBERLY SUE PETERSON-JANOVEC** was an individual not expressly exempt from tax with her principal residence in the State of Minnesota. During the calendar year 2019, PETERSON-JANOVEC had and received reportable income of at least approximately $157,358. By reason of such income, she was required by law, following the close of calendar year 2019 and on or before July 15, 2020, to make a United States Individual

Income Tax Return to the Internal Revenue Service, or to other proper officers of the United States, stating specifically the items of PETERSON-JANOVEC's gross income and any deductions and credits to which she was entitled by law.

30. On or about July 15, 2020, in the State and District of Minnesota, the defendant,

**KIMBERLY SUE PETERSON-JANOVEC,**

well knowing and believing the facts set forth in the preceding paragraph, did willfully fail to make and file an income tax return with the Internal Revenue Service, or with any other proper office of the United States, for calendar year 2019.

All in violation of Title 26, United States Code, Section 7203.

**FORFEITURE ALLEGATIONS**

31. Paragraphs 1 through 12 of the Indictment are incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C), in conjunction with Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 982(a)(1).

32. As a result of the offenses alleged in Counts 1 through 12, the defendant shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Sections 1341 or 1343, including, but not limited to the real property located at 47494 Red Wing Avenue, Kenyon, Minnesota 55946.

34. If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as

provided in Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

| ACTING UNITED STATES ATTORNEY | FOREPERSON |