UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-CR-124 (JRT/BRT)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KIMBERLY SUE PETERSON-JANOVEC,

    Defendant.

**CONSOLIDATED RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTIONS IN LIMINE**

On January 31, 2022, the government in the above-captioned case filed three Motions in Limine. (Dkt. 63-65). Kimberly Sue Peterson-Janovec, through counsel, hereby submits her responses in opposition to the government's motions.

**1.    Motion in Limine to Admit Evidence of Peterson-Janovec's 1998 Fraud Conviction and Subsequent Incarceration for Defrauding a Previous Employer (Dkt. 63)**

The government is attempting to circumnavigate the requirements of Rule 404 of the Federal Rules of Evidence and introduce evidence of Ms. Peterson-Janovec's prior conviction. The government argues that Ms. Peterson-Janovec's resume is so intertwined with the alleged scheme to defraud that the government should be permitted to introduce evidence of her conviction in the government's case in chief. That is simply not the case.

The government has provided no evidence that Ms. Peterson-Janovec actively concealed her prior conviction from Company 3. The government has not disclosed if there was any kind of job application in which Ms. Peterson-Janovec was asked if she had ever been convicted of a crime. Nor has there been any disclosure if such a question was asked during any sort of job interview. One would assume that Ms. Peterson-Janovec was not hired sight unseen based simply

upon any alleged employment with Home Depot over twenty years ago.  Instead it is more likely that Ms. Peterson-Janovec was hired, and promoted, because she impressed her superiors.  Thus, her resume did nothing to perpetuate any alleged fraud.

**2.      Motion in Limine to Preclude "Blame the Victim" Evidence (Dkt. 64)**

The Sixth and Fourteenth Amendments to the United States Constitution give Ms. Peterson-Janovec the right to present a defense.  In *In re Oliver*, the United States Supreme Court stated that "[a] person's right to reasonable notice of a charge against him, and an opportunity to be heard in his defense-a right to his day in court-are basic in our system of jurisprudence".  333 U.S. 257, 273, 68 S.Ct. 499, 507 (1948).  Ms. Peterson-Janovec has the right to her day in court and to present her defense.

The government's reliance on *United States v. Camuti*, 78 F.3d 738 (1st Cir. 1996) is misplaced.  In that case the defendant attempted to introduce evidence that one of the alleged victims had acquired an interest in the defendant's assets.  *Id*. at 741-42.  The district court gave the defense wide "latitude to explore the alleged scheme of the [victims]".  *Id.* at 742.  The First Circuit agreed with the district court's actions.  *Id.*  Ms. Peterson-Janovec deserves the same treatment and not a pre-trial order barring her from presenting a complete defense.

**3.      Motion in Limine to Preclude Defense from Impeaching Victim Witness by Evidence of a Criminal Conviction (Dkt. 65)**

The government has yet to disclose the criminal history of its potential trial witnesses, however, has provided that a certain conviction *may* fall within Rule 609(a)(1)(A).  It is clear from the argument and facts disclosed in the government's Trial Brief (Dkt. 61), that this conviction *does* fall withing Rule 609(a)(1)(A) and that there are no grounds under Rule 403 to exclude the conviction.  The conviction was punishable by imprisonment for more than one year, occurred not

more that ten years ago, and there has been no pardon, annulment, or certification of rehabilitation. Likewise, there is nothing to suggest that the probative value of knowing the witness is a convicted felon is substantially outweighed by any of the dangers listed in Rule 403.

For these reasons, Defendant requests that the Court deny all of the government's motions in limine.

Respectfully Submitted,

Dated: February 4, 2022

*/s/ Wyatt Arneson*
BY: Wyatt Arneson
Counsel for Kimberly Sue Peterson-Janovec